# 14-3143-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

CHANTAY SEWELL,

*Plaintiff-Appellant,*

*v.*

PHIL BERNARDIN,

*Defendant-Appellee.*

*On Appeal from the United States District Court
for the Eastern District of New York (Central Islip)*

## BRIEF FOR PLAINTIFF-APPELLANT

LAW OFFICE OF HARVEY S. MARS LLC
*Attorneys for Plaintiff-Appellant*
322 West 48th Street, 6th Floor
New York, New York 10036
212-765-4300

# TABLE OF CONTENTS

Page

I.     STATEMENT OF THE SUBJECT MATTER AND APPELLATE JURISDICTION ....................................................1

II.    STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ...............1

III.   STATEMENT OF THE CASE........................................................2

      A.    Nature of the Case .................................................2

      B.    Course of Proceedings and Disposition Below................................2

IV.   STATEMENT OF THE FACTS ....................................................3

V.    ARGUMENT.............................................................................6

      A.    Summary Of Plaintiff's Argument........................................6

      B.    The Legal Standard Under 12(b)(6)........................................7

      C.    Plaintiff's CFAA and SCA Claims Are Not Time Barred ................9

      D.    Plaintiff Should Have Been Granted Leave to Re-plead.................15

VI.   CONCLUSION .......................................................................18

VII.  CERTIFICATE OF COMPLIANCE WITH FRAP 32(a) ......................19

# TABLE OF AUTHORITIES

## CASES:                                                          Page

*Ashcroft v. Twombly,*
    550 U.S. at 569 ........................................................................ 8

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) ...........................7,8

*Cannon v. Elk Horn Bank and Trust,*
    258 F.Supp.2d 908, 912 (W.D. Ark., 2002) ...............................7,13

*Caputo v. Pfizer, Inc.,*
    267 F.3d 181, 191 (2nd Cir. 2001) ............................................ 16

*Clark Street Wine and Spirits v. Emporos Systems Corporation,*
    754 F. Supp. 2d 474, 486 (E.D.N.Y., 2010)................................ 10,12

*Foman v. Davis*,
    371 U.S. 178, 182 (1962) ......................................................... 16

*FTA Mkt., Inc.*,
    2012 WL 383945*3 (SDNY, February 1, 2012)........................ 9

*Harris v. City of New York,*
    186 F. 3d 243, 250 (2d Cir. 1999) ............................................ 15

*Guelen v. Distinctive Personnel, Inc.*,
    2011 WL 3420852, *3 (E.D.N.Y. 2011) .................................... 16

*Nyack Hosp. v. Moran*,
    2010 WL 411855, at *6 (S.D.N.Y., June 1, 2010) ..................... 11

*Protter v. Nathan's Famous Systems, Inc.*,
    904 F.Supp. 101, 111 (E.D.N.Y. 1995)..................................... 17

*Quantlab Technologies, Ltd. v. Godlevsky*,
   719 F. Supp., 766, 775 (S.D. Texas, Houston Division, 2010) .................. 13

*Ronzani v. Sanofi S.A.*,
   899 F.2d 195, 198 (2nd Cir. 1990); Fed. R. Civ. P. 15(a) ......................... 15,16

*Shade v. Gorman*,
   2009 WL 196400 (N.D., Ca., 2009) .......................................................... 14

*Springdale Education Association v. Springdale School District*,
   133 F.3d 649, 651 (8th Cir.I998) ........................................................ 7

*Smartex International Corporation v. Mastercard International LLC*,
   2008 WL 4444554*3 (S.D.N.Y., 2008) ..................................................... 10

*Sterm v. General Electric Co.*,
   924 F.2d 472, 476 n. 6 (2d Cir. 1991) ...................................................... 9

*Swierkiewicz*,
   534 U.S. at 512 ....................................................................................... 8

*Vicioso v. Pisa Bros., Inc.*,
   1998 WL 355415, *5-6 (S.D.N.Y.  1998) ................................................. 16

*Young v. City of St.* Charles
   244 F.3d 623, 627 (8th Cir. 2001) .......................................................... 7

## **STATUTES:**

28 U.S.C. § 1291 .................................................................................... 1

28 U.S.C. § 1331 .................................................................................... 1

28 U.S.C. § 1367 .................................................................................... 1

18 U.S.C. § 1030 ................................................................................... 2,11

18 U.S.C. § 2701 ................................................................................. 2

18 U.S.C § 2707(f) ........................................................................... 15

CFAA §1030 (g) .............................................................................. 9,10

Federal Rule of Civil Procedure Rule 12(b)(6) .................................. 3,7

# I.

## STATEMENT OF THE SUBJECT MATTER AND APPELLATE JURISDICTION

The United States District Court for the Eastern District of New York (district court) had subject matter jurisdiction over this federal civil case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). The district court entered the final judgment on August 12, 2014 as directed by the August 2, 2014 Memorandum of Decision and Order of United States District Judge Arthur D. Spatt. A-116.[1] The Plaintiff/Appellant timely filed its Notice of Appeal with the district court clerk on August 25, 2014 pursuant to Fed. R. App. P. 4. A-117. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

# II.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

The issue before this Court is whether the district court erred in concluding that the Plaintiff's claims under the Computer Fraud and Abuse Act and the Stored Communications Act were time barred under the applicable statute of limitations.

---

[1] References to the Joint Appendix are noted herein as  "A-_."

### III.

### STATEMENT OF THE CASE

### A. Nature of the Case

The Plaintiff/Appellant Chantay Sewell (the "Appellant") brought this action against the Defendant/Appellee Phil Bernardin (the "Appellee"), through which she seeks  damages under the civil enforcement provisions of both the Computer Fraud and Abuse Act of 2008, 18 U.S.C. § 1030 et seq. ("CFAA") and the Stored Communications Act, 18 U.S.C. § 2701, et seq. ("SCA"), as well as a pendent state law claim for trespass to chattels as a result of his unlawful access and utilization of information contained in Appellant's computer and the information contained on it. A-2.

The gravamen of this action is founded upon the Appellee's retributory actions against the Appellant for her having terminated her romantic involvement with him. The retaliation was perpetrated through the Appellee's unauthorized access of both the Appellant's email and Facebook accounts through her personal computer and his posting and dissemination of, among other things, false sexual assertions about her. A-3-9.

### B.  Course of Proceedings and Disposition Below

The Appellant commenced this litigation by filing the Complaint on January 2, 2014. Mars Affm., ¶ 4  A-87. On January 31, 2014, a Notice of Motion to

Dismiss pursuant to Rule 12(b)(6) of the Fed. R. Civ. P. was filed by the Appellee. A-10. On August 2, 2014, and August 12, 2014 the court below issued, respectively, a Memorandum of Decision and Order ("Decision") dismissing the Complaint and entered a final judgment in favor of the Appellee. A-100 and A-116. On August 25, 2014, the Plaintiff filed the Notice of Appeal. A-117.

## IV.

## <u>STATEMENT OF THE FACTS</u>

In or about 2002, the Appellant became involved in a romantic relationship with the Appellee. The Appellant terminated their relationship in or about 2011. Sewell Aff., ¶ 2, A-38. At all times relevant to this proceeding, the Appellant maintained private electronic accounts with several Internet service providers, specifically an email account with www.aol.com and an account with www.facebook.com (collectively "Internet Accounts"). The Appellant was the sole authorized user of these Internet Accounts. She maintained her passwords privately, and did not knowingly provide the Appellee or any third party with a means to access these accounts. Further, the Appellant did not authorize the Appellee to obtain or utilize her Internet Accounts. Mars Affm., Exhibit 2 ¶ 10, A-4.

On or around August, 1, 2011, Appellant discovered that she could no longer log into or access her email account with www.aol.com because her password had

been altered. Mars Affm., Exhibit 2 ¶ 11, A-5.  On or around February 24, 2012, the Appellant discovered that she could no longer log into or access her account with www.facebook.com because her password had also been altered. Mars Affm., Exhibit 2 ¶ 12, A-5.

Thereafter and apparently as a means of getting back at the Appellant for ending their relationship, the Appellee, while at the Appellant's home, had obtained to Appellant's passwords without permission and used them to access, without authorization, the Appellant's Internet Accounts through her computer. Mars Affm., Exhibit 2 ¶ 13, A-5; Sewell Aff.,¶ 2 & 4, A-38-39.

On September 24, 2012, in response to a subpoena request made by an investigator, Domingo Rivera, Esq., hired by the Appellant, the Appellant discovered that her computer had actually been accessed without her permission or authorization by the Appellee. In fact, as a result of the investigation, it was determined that it was the Appellee who had actually changed the passwords to prevent the Appellant from accessing the accounts. Mars Affm., Exhibit 2 ¶ 14, A-5; Sewell Aff.,¶ 4, A-39.

The Appellee continued to access the Appellant's www.aol.com account after August 1, 2011 without her permission or authorization. These dates of unauthorized access include but are not limited to February 12, 2012, February 17, 2012, February 24, 2012, March 24, 2012, and March 26, 2012. During the course

of engaging in these acts, the Appellee obtained access to the Appellant's electronic communications and posts while in electronic storage, as well as other personal and identifying information about the Appellant. Mars Affm., Exhibit 2 ¶ 16, A-5.

In addition, the Appellee, through his unauthorized access, used the Appellant's Internet Accounts to publicly post private information about the Appellant and to communicate with third parties as if he was the Appellant herself. For instance, it was subsequently discovered that in or around August 2011, the Appellee sent an email message to the Appellant's family and friends via the Appellant's own contacts list maintained privately within her email account with www.aol.com. This message contained malicious statements about the Appellant regarding certain sexually transmitted diseases and sexual activities. Mars Affm., Exhibit 2 ¶ 19, A-6. Sewell Aff., ¶ 3, Exhibit 1, A-41-42.

On or about March 1, 2012, in furtherance of his retributory plot to damage the Appellant for terminating their relationship, the Appellee publicly posted a message via Sewell's privately maintained www.facebook.com account. The message was broadcast to, among others, Appellant's family and friends and also contained malicious false statements toward the Appellant regarding certain sexually transmitted diseases and sexual activities.  Mars Affm., Exhibit 2 ¶ 20. A-6; Sewell Aff., ¶ 2, Exhibit 1, A-43.

In or around December 2013, the Appellant had a conversation with the Appellee where the Appellee admitted that it was in fact he who had been responsible for the postings. Sewell Aff.,¶ 6. A-39. Thereafter, on January, 2, 2014, the Appellant initiated a lawsuit in federal district court against the Appellee seeking damages pursuant to claims under the CFAA, the SCA, and trespass to chattels. A-3. This lawsuit was proceeded by a lawsuit that plaintiff had initiated against defendant's wife.  That suit had been voluntarily dismissed without prejudice. A-87.

## V.

## ARGUMENT

### A. Summary Of Plaintiff's Argument

In the present action, Appellant Sewell did not actually discover that her computer had been accessed without her permission until September 24, 2012 when she received a response to the subpoenas her investigator had served revealing that her computer had been hacked through an account owned by Tara Bernardin.   Sewell Aff., Exhibit 2, A-49-52. Hence, for statute of limitations purposes, the CFAA and SCA claims did not actually accrue until September 24. 2012, the date she learned that her computer had been impermissibly assessed, which was a date well within the two year statute of limitations. Plaintiff's action is

not time barred because plaintiff's claims accrued well within two years of the date this suit was commenced, January 2, 2014.

## B.    The Legal Standard Under 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "serves to eliminate actions which, [unlike the instant case,] are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Cannon v. Elk Horn Bank and Trust,* 258 F.Supp.2d 908, 912 (W.D. Ark., 2002) (citing *Young v. City of St. Charles* 244 F.3d 623, 627 (8th Cir. 2001)). When evaluating a motion to dismiss, "the court must review the allegations contained in the complaint and construe them in a light most favorable to the plaintiff, and all factual allegations must be accepted as true." *Id.* However, "[a] complaint should not be dismissed unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief.' *Id.* (citing *Springdale Education Association v. Springdale School District,* 133 F.3d 649, 651 (8th Cir.I998)).

Under the Federal Rules of Civil Procedure, "only a short and plain statement of the claim showing that the pleader is entitled to relief' is required in a plaintiffs complaint "in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (internal quotations omitted). Although "a formulaic

recitation of the elements of a cause of action will not suffice" *(Bell Atlantic Corp.,* 550 U.S. at 555), a well-pleaded claim "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the alleged illegal conduct. *Bell Atlantic Corp.,* 550 U.S. At 556. "[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those acts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556. Essentially, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Further, to survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Twombly,* 550 U.S. at 569. This simplified notice pleading standard is provided by Federal Rule of Civil Procedure 8(a)(2) and "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz,* 534 U.S. at 512 "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." *Id.* At 512-13 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, ¶ 1202, p. 76 (2d ed.1990)). Accordingly, federal courts only require that the complaint put defendant on notice

of the claims. *See Sterm v. General Electric Co.,* 924 F.2d 472, 476 n. 6 (2d Cir. 1991).

If a Rule 12(b)(6) motion to dismiss is premised on an assertion that the action is time-barred, the action will only be dismissed if it is clear on the face of the complaint that the claim was untimely. *FTA Mkt., Inc.*, 2012 WL 383945*3 (SDNY, February 1, 2012).

Without question, the complaint in this action easily satisfied the liberal pleading standards set forth above. The district court's premature termination of this action on the ground that its federal causes of action were time barred must be rejected. The facts illustrated by plaintiff in her opposition to defendant's motion to dismiss reveal that the CFAA and SCA claims were asserted well within their two year statute of limitations. For this reason, further amplified in the Argument section of this brief, defendant's motion to dismiss should have been denied. It is respectfully requested that the district court's decision be reversed and this suit be allowed to proceed.

### C. Plaintiff's CFAA and SCA Claims Are Not Time Barred

The district court dismissed this action solely on the ground that Sewell's CFAA and SCA claims were time barred under the applicable statute of limitations. Under CFAA §1030(g), the civil enforcement provision of that statute,

9

a claim must be commenced within 2 years of the date of the act complained of or the date of the discovery of the damage. Relying on the complaint's allegation in paragraph 11 that "on or around August 1, 2011, Sewell discovered that she could no longer log into or access her e-mail account with www.aol.com because her password was altered", the district court concluded that Sewell's CFAA claim accrued on that date, which is more than two years prior to January 2, 2014, the date this suit was initiated, because this was the date that she had discovered the "damage at issue". Mars Affm., Exhibit 2, ¶ 11.A-5; Decision, A-112. In so doing, the district court misconstrued the nature of Sewell's CFAA claim.

Under the CFAA, a civil claim may be asserted when a protected computer is accessed without authorization and damage thereby results. A claim accrues, when damage to a computer file, data, system or operation is discovered to be the **result of** unauthorized access. *Smartex International Corporation v. Mastercard International LLC,* 2008 WL 4444554*3 (S.D.N.Y., 2008) (A CFAA cause of action did not commence until unauthorized access to a protected computer was discovered); *Clark Street Wine and Spirits v. Emporos Systems Corporation,* 754 F. Supp. 2d 474, 486 (E.D.N.Y., 2010). The fact that a computer has been damaged, while necessary to assert a CFAA claim, is not alone sufficient to prove

the claim. The damage discovered must be directly attributed to the unauthorized access of that computer for the claim to succeed.[2]

In the present action, Sewell did not actually discover that her computer had been accessed without her permission until September 24, 2012, when she received a response to the subpoenas her investigator had served revealing that her computer had been hacked through an account owned by Tara Bernardin.  Sewell Aff., Exhibit 2, A-49-52. For statute of limitations purposes, the CFAA claim did not actually accrue until September 24. 2012, the date she learned that her computer had been impermissibly assessed, which was a date well within the two year statute of limitations.

No allegation contained in plaintiff's complaint contradicts this fact. While paragraph 11 of the complaint alleges that Sewell had discovered that her internet access through AOL had been impaired, it did not indicate that at that time she knew that the cause of the impairment was Bernardin's unlawful access to her computer. In fact, in paragraph 14, the complaint asserts that it was not until she obtained internet records from Verizon that she had learned that unlawful access to her personal computer had occurred and that that was the catalyst for the abrogation of her password. A-5.

---

[2] In order to bring a civil action, a plaintiff must demonstrate the he or she suffered "damage" or "loss" by a defendant's wrongful conduct. 18 U.S.C. §1030(g).  *Nyack Hosp. v. Moran*, 2010 WL 411855, at *6 (S.D.N.Y., June 1, 2010).

The fallacy in the district court's analysis is its failure to recognize that the fact an individual's password had been altered and they cannot access an internet account does not necessarily mean that their computer has been impermissibly accessed, damaged or otherwise compromised. There are a multitude of reasons why a person might experience difficulties with an Internet account. A systemic glitch or computer virus directly affecting an internet service provider's server, not emanating from plaintiff's personal computer, could have arguably caused a password to become altered and/or access to an e-mail or social media account to be denied. Sewell's password could have been compromised through any number of means by a resourceful computer hacker other than the unlawful access of her own personal computer. However, it was not until the subpoena response was received that Sewell actually learned that her computer had been unlawfully accessed by the Appellee and that this was the actual cause of her computer difficulties.

Case-law, both within and outside of this circuit, supports the conclusion that the allegations in Sewell's complaint on their face do not establish that her claims were time barred. For example, in *Clark Street Wine and Spirits v. Emporos Systems Corporation,* 754 F. Supp. 2d 474, 486, a defendant's motion to dismiss a CFAA action as untimely was denied because the allegation in the complaint relied upon in support of the motion did not indicate that that the plaintiff's computer

system had actually been compromised. There, the defendant asserted that the allegation in plaintiff's complaint that "on December 18, 2007, Plaintiff Seventh Avenue had been identified by MasterCard as a significant fraud activity", proved that the suit was untimely. The district court, however, rejected that argument on the ground that the allegation relied upon "does not indicate that Plaintiffs' computer system was compromised." *Id*. at 486.

As previously noted in the case at bar, the paragraph relied upon by the district court in support of its decision to dismiss this suit does not in any way shape or form indicate that as of August 1, 2011, plaintiff's computer had been improperly assessed and/or that plaintiff was aware that this was the cause of her inability to log into her AOL account.  To read such facts into plaintiff's complaint at the pleading stage distorts the court's obligation to review the allegations contained in the complaint and construe them in a light most favorable to the plaintiff." *Cannon v. Elk Horn Bank and Trust,* 258 F.Supp.2d 908, 912.  Such a distortion is reversible error.

Likewise, in *Quantlab Technologies, Ltd. v. Godlevsky*, 719 F. Supp., 766, 775 (S.D. Texas, Houston Division, 2010), the claims in the complaint at issue were not determined to be time barred on their face because there was no information in the complaint as to when the plaintiff had discovered unauthorized access to his computer system. Here, the district court was presented with evidence

13

that plaintiff had discovered unauthorized access on September 24, 2014, well within the two year statute of limitations. This evidence was inexplicably ignored.

Finally, in *Shade v. Gorman*, 2009 WL 196400 (N.D., Ca., 2009), the court rejected the defendant's timeliness challenge to a CFAA claim due to the fact that the plaintiff alleged that he had not actually discovered the defendant had removed files from his computer until defendant had published a video containing the pirated files on a date well within the CFAA's two year statute of limitations. While it was highly unlikely that the plaintiff did not know the files had been stolen prior to the publication of the film, the assessment of when unauthorized access was first discovered involved a factual determination that was the jury's province. Id. at *4. Here, it cannot be controverted that unlawful access was first discovered on September 24, 2012, a date well within the limitations period.

Nevertheless, even assuming it is true that Sewell's CFAA claim commenced when she discovered that she could no longer access her AOL account's e-mail, that claim is separate and distinct from the claim that she asserts with regard to her Facebook account. Even if the defendant is correct that Sewell's CFAA cause of action commenced on August 1. 2011, that date only is relevant with regard to her e-mail. The intrusion upon Sewell's Facebook page is an entirely separate and distinct new claim. She discovered that she could not access

her Facebook account on February 24, 2012, a date well within the statute of limitations.

The same analysis demonstrating that plaintiff's CFAA claim is not time barred is applicable to plaintiff's SCA cause of action as well.  Under the SCA, a claim is time-barred if it is not commenced within "two years after the date upon which that claimant first discovered or had reasonable opportunity to discover the violation." 18 U.S.C. §2707(f).  As noted previously, Appellant did not actually discover the violation until she received Verizon's subpoena responses on September 24, 2012, a date less than two years prior to the date this action was initiated.

For these reasons it is clear that on the face of the complaint, Appellant's CFAA and SCA claims cannot be deemed to be time barred. *Harris v. City of New York,* 186 F. 3d 243, 250 (2d Cir. 1999). Plaintiff has not pled herself out of court. It is respectfully requested that the district court's decision be reversed.

## D. Plaintiff Should Have Been Granted Leave to Re-plead

It was an abuse of discretion for the district court to deny Appellant leave to amend her complaint pursuant to Federal Rules of Civil Procedure 15(a).  The Federal Rules require that "leave [to amend] shall be freely given when justice so requires." *Ronzani v. Sanofi S.A*., 899 F.2d 195, 198 (2nd Cir. 1990); Fed. R. Civ. P. 15(a).  The usual practice in the Second Circuit is for courts to couple the

granting of a motion to dismiss with the granting of leave to amend.  Id., *Caputo v. Pfizer, Inc*., 267 F.3d 181, 191 (2nd Cir. 2001) (stating that it is an abuse of discretion for a district court to dismiss a complaint under Rule 9(b) without granting leave to amend when the Plaintiff has requested leave in the event of a dismissal, unless the amendment would be futile or the Plaintiff has acted in bad faith).

The court has discretion when deciding on a request for leave to amend, however, "refusal to grant leave must be based on a valid ground." *Ronzani* at 198. Valid grounds for denying leave include, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party . . . futility of the amendment, etc. . . . ." *Guelen v. Distinctive Personnel, Inc.*, 2011 WL 3420852, *3 (E.D.N.Y. 2011), quoting  *Foman v. Davis*, 371 U.S. 178, 182 (1962). Finally, although courts may look beyond the complaint to an opposition brief and affidavit to "shed light" on what a Plaintiff might allege if the court grants leave, the insufficiency of such documents does not mean that the ". . . plaintiff could not, under any circumstances, sufficiently allege (her) claims." *Vicioso v. Pisa Bros., Inc.*, 1998 WL 355415, *5-6 (S.D.N.Y.  1998) (the court examined an affidavit and opposing brief to foresee the contents of the amended complaint but still granted

leave after determining those documents insufficient); *Protter v. Nathan's Famous Systems, Inc.*, 904 F.Supp. 101, 111 (E.D.N.Y. 1995).

In the instant case, the Court should have granted Sewell leave to amend her Complaint to remedy deficiencies caused by her failure to allege the specific date when she had learned that Bernadin had unlawfully gained access to her computer. First, none of the grounds for denying leave exist in this matter. Sewell, in requesting leave within her opposition to Bernardin's motion to dismiss, had not unduly delayed her request or acted in bad faith.  This was Sewell's first request for leave, and as such, there have been no previous failures to cure deficiencies by previous allowed amendments. Any amendment would simply have provided more particularized statements relating to the current causes of action and Bernardin would suffer no prejudice.  Secondly, and relating to the issue of futility, Sewell's Affidavit accompanying her opposition papers shed light on the details that would have formed the substance of any amendments to the complaint. Thus, granting leave to amend will not prove futile.

Had the district court granted Appellant leave to amend her complaint she would have asserted that she did not know that Bernadin had intruded upon her personal computer until she had received the subpoena results. For this reason her action is not time barred.

# VI.

# CONCLUSION

Upon the foregoing papers and proceedings had herein, it is respectfully requested that this court reverse the district court's Decision on the basis that the claims contained in the Complaint in this matter are not time barred.

Dated:      New York, N.Y.
              October 15, 2014

 

                                              _____

                                              Harvey S. Mars, Esq. (HSM 6107)
                                              Bernard E. Mason, Esq.
                                              Law Office of Harvey S. Mars LLC
                                              322 West 48th Street, 6th Floor
                                              New York, N.Y. 10036
                                              (212)765-4300

                                              Counsel to Plaintiff

# VII.

## **CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,898 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point font.

Submitted by,

/s/ Harvey S. Mars
/s/ Bernard Mason
Attorneys for Plaintiff/Appellant
61 Broadway, Suite 2500
New York, N.Y. 10006
Tel.: 917-551-1300